IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Keith Rucker #353895

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Bryan P. Stirling, et al.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☑ Yes    ☐ No
*(check one)*

USDC CLERK, COLUMBIA, SC
RECEIVED
2019 FEB -4  PM 12:44

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis.*

1

Charles  Williams ;

Thomas  Robertson ;

Alyson  Gladwell ;

Stephanie  Marshall ;

Stanley  Terry ;

Clarissa  Jones ;

Juanita  Moss ;

Bell ;

Myers ;

Beard ;

Wilson ;

Willie  F. Smith ;

Tim  E. Rogers ;

Deborah  Richter ;

Victoria  Norman ;

Ashley  Maddox ;

Cynthia  Darden ;

Kennard  Dubose ; and

Cindy  Richardson ,

Defendants.

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                Keith Rucker

All other names by which you have been known:

_____

ID Number           353895

Current Institution    McCormick Corr. Inst.

Address             386 Redemption Way

                    McCormick, SC 29899

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                Bryan P. Stirling

Job or Title        Director of SCDC
(if known)

Shield Number       _____

Employer            S.C. Dept. of Corrections

Address             4444 Broad River Rd

                    Columbia, SC 29221

☑ Individual capacity          ☑ Official capacity

Defendant No. 2

Name                Charles Williams

| | |
|---|---|
| Job or Title (if known) | Warden of McCormick |
| Shield Number | |
| Employer | S.C. Dept. of Corrections |
| Address | 4444 Broad River Rd. |
| | Columbia, SC 29221 |

☑ Individual capacity      ☑ Official capacity

## Defendant No. 3

| | |
|---|---|
| Name | Thomas Robertson |
| Job or Title (if known) | Associate Warden of McCormick |
| Shield Number | |
| Employer | S.C. Dept. of Corrections |
| Address | 4444 Broad River Rd. |
| | Columbia, SC 29221 |

☑ Individual capacity      ☑ Official capacity

## Defendant No. 4

| | |
|---|---|
| Name | Alyson Gladwell |
| Job or Title (if known) | Associate Warden of McCormick |
| Shield Number | |
| Employer | S.C. Dept. of Corrections |
| Address | 4444 Broad River Rd. |
| | Columbia, SC 29221 |

☑ Individual capacity      ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Defendant No. 5:
Stephanie Marshall
Major of McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 6
Stanley Terry
Administrative Captain of McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 7
Clarissa Jones
Lieutenant of McCormick
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 8
Juanita Moss
Food Service Director

3 (a)

S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 9
Bell
Food Service Supervisor
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 10
Myers
Food Service Supervisor
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 11
Beard
Food Service Supervisor
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221

Individual and Official capacity

Defendant No. 12
Wilson
Food Service Supervisor
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 13
Willie F. Smith
Food Service Branch Chief
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 14
Tim E. Rogers
Commissary Supervisor
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 15

3 (c)

Deborah Richter
Head Nurse (former)
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 16
Victoria Norman
Head Nurse (current)
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 17
Ashley Maddox
Mental Health Counselor
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity


Defendant No. 18
Cynthia Darden
Mental Health Counselor
S.C. Dept. of Corrections

3 (d)

4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 19
Kennard Dubose
Mental Health Director
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

Defendant No. 20
Cindy Richardson
Psychiatrist
S.C. Dept. of Corrections
4444 Broad River Rd.
Columbia, SC 29221
Individual and Official capacity

3 (e)

A.   Are you bringing suit against *(check all that apply)*:

    ☐   Federal officials (a *Bivens* claim)

    ☑   State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    See attachment ; cruel and unusual punishment

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

    See attachment

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

    ☐   Pretrial detainee

    ☐   Civilly committed detainee

    ☐   Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See attachment _____

_____

_____

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

_____

_____

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you? Who did what?  Was anyone else involved?  Who else saw what happened?)*

_____

_____

_____

# Preliminary Statement

This §1983 action is brought by Keith Rucker a state prisoner within the South Carolina Department of Corrections ("SCDC") who alleges multiple constitutional violations while he was being held in solitary confinement at McCormick.

# Statement of Claim

1). Since approximately, March, 2018, through and continuing through the present date, Defendants Warden Charles Williams, Associate Warden Thomas Robertson, Associate Warden Alyson Gladwell, Major Stephanie Marshall, Administrative Captain Stanley Terry, and Lieutenant Clarissa Jones have failed and/or refuse to allow Plaintiff Keith Rucker to participate in indoor and/or outdoor recreation and exercise while in solitary confinement at McCormick prison.

2). Since approximately, March, 2018, through and continuing through the present date, Defendants mentioned above have failed and/or refuse to allow Plaintiff Keith Rucker fresh air and sunlight while in solitary confinement at McCormick prison.

3). Since approximately, March, 2018, through and continuing through the present date, Defendants mentioned above have allowed other inmates at McCormick to participate in "daily" indoor and outdoor recreation and exercise.

5 (a)

4). Since approximately, March, 2018, through and continuing through the present date, Defendants mentioned above have allowed other inmates at McCormick " daily " fresh air and sunlight .

5). Since approximately, March, 2018, through and continuing through the present date, Defendants mentioned above have permitted and allowed Plaintiff Keith Rucker to live in a deplorable, unhealthy and unsanitary environment while in solitary confinement at McCormick prison .

6). Since approximately, March, 2018, through and continuing through the present date, Defendants Food Service Director Juanita Moss, Food Service Supervisor Bell, Food Service Supervisor Myers, Food Service Supervisor Beard, Food Service Supervisor Wilson, and Food Service Branch Chief Willie F. Smith have served or caused to be served hard, stale, molded, cold, inadequate portions, and urine and feces contaminated food to Plaintiff Keith Rucker while in Solitary confinement at McCormick prison .

7). Since approximately, March, 2018, through and continuing through the present date, Defendant Commissary Supervisor Tim E. Rogers have failed and/or refuse to issue socks, boxers, towels, wash cloths, razors, jacket, thermal set, toboggan, and tennis shoes to Plaintiff Keith Rucker while in solitary confinement at McCormick prison .

8). Since approximately, March, 2018, through and continuing through the present date, Defendants (former) Head Nurse Deborah Richter, and (current) Head Nurse Victoria Norman have failed and/or refuse to allow Plaintiff Keith Rucker to receive medical attention and treatment (sick call) while in solitary confinement at McCormick prison.

9). Since approximately, March, 2018, through and continuing through the present date, Defendants (former) Head Nurse Deborah Richter, and (current) Head Nurse Victoria Norman have permitted and allowed morning pill-line to be conducted at 3:00 AM consequently, depriving Plaintiff Keith Rucker of sleep while in solitary confinement at McCormick prison.

10). Since approximately, March, 2018, through and continuing through the present date, Defendants Mental Health Counselor Ashley Maddox, Mental Health Counselor Cynthia Darden, Mental Health Director Kennard Dubose, and Psychiatrist Cindy Richardson have failed and/or refuse to allow Plaintiff Keith Rucker to receive adequate mental health attention and treatment while in solitary confinement at McCormick prison.

11). Since approximately, March, 2018, through and continuing through the present date, Defendants Director Bryan P. Stirling, Warden Charles Williams, Associate Warden Thomas Robertson, Associate Warden Alyson Gladwell, Major Stephanie

Marshall, and Administrative Captain Stanley Terry have failed and/or refuse to take all reasonable steps to controll, reduce or limit inmate-on-inmate gang violence at McCormick prison and protect Plaintiff Keith Rucker from threats and assaults by violent inmates.

12). Since approximately, March, 2018, through and continuing through the present date, Defendants mentioned above (in paragraph 11) have failed and/or refuse to take all reasonable steps to significantly reduce or limit shanks and other deadly weapons (such as "axes") and/or the creation of shanks and other deadly weapons at McCormick prison to maintain a safe environment.

13). Since approximately, March, 2018, through and continuing through the present date, Defendant Director Bryan P. Stirling were aware of a pervasive, unreasonable risk of harm in connection to all of the above-mentioned claims and failed to take corrective action as a result of deliberate indifference or tacit authorization and therefore, he's liable for the acts of his subordinates under the theory of respondent superior.

14). All of the above-named Defendants were acting under color of state law as prison officials when they violated Plaintiff Keith Rucker's constitutional rights.

5 (d)

15). All of the above-named Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff Keith Rucker's present and future mental and physical health when they were aware or should have been aware of the risk of harm and failed to take corrective action.

16). Plaintiff Keith Rucker have endured and suffered extreme back pain, hip pain, knee pain, joint pain, loss of exercise, loss of fresh air and sunlight, loss of food, loss of weight, hunger, malnutrition, indigestion, chest pain, stomach pain, constipation, loss of adequate clothing, cold and inclement weather, loss of medical attention and treatment, infections, fungus, rash, irritated and itchy skin, cyst, loss of sleep, exposure to human feces, exposure to black mold, threats, assaults, fear, anxiety, stress, depression, thoughts of suicide, and great mental anguish as a result of the acts and omissions of the afore-said Defendants.

_____

_____

_____

_____

### V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attachment _____

_____

_____

_____

_____

_____

_____

### VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

A jury trial upon all issues ; Actual damages in the amount of $300,000 ; Punitive damages in the amount of $50,000 ; Plaintiff's costs in this suit ; Preliminary and permanent injunction ; and any additional relief this Court deems just and proper

### VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

6

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑   Yes

☐   No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

McCormick Corr. Inst.

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑   Yes

☐   No

☐   Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐   Yes

☐   No

☑   Do not know

If yes, which claim(s)?

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑   Yes

☐   No

7

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐     Yes

☐     No

E.     If you did file a grievance:

1.     Where did you file the grievance?

McCormick Corr. Inst.

2.     What did you claim in your grievance?

Same as the claims in this Complaint

3.     What was the result, if any?

denied

4.     What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Yes, grievance process is completed.

8

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

_____

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I was placed on grievance restrictions.

_____

_____

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐    Yes

☑    No

9

1:19-cv-00310-MGL-SVH    Date Filed 02/04/19    Entry Number 1    Page 21 of 23

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐    Yes

☑    No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐    Yes

☐    No

If no, give the approximate date of disposition. _____

10

7.      What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐    Yes

☑    No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.      Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.      Court *(if federal court, name the district; if state court, name the county and State)*

_____

_____

3.      Docket or index number

_____

4.      Name of Judge assigned to your case

_____

5.      Approximate date of filing lawsuit

_____

6.      Is the case still pending?

☐    Yes

☐    No

11

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 25, 2019.

Signature of Plaintiff        *Keith Rucker*

Printed Name of Plaintiff     Keith Rucker

Prison Identification # 353895

Prison Address    386 Redemption Way

                  McCormick, SC 29899

            City                State            Zip Code

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney    _____

Printed Name of Attorney _____

Bar Number               _____

Name of Law Firm         _____

12