

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| KEITH RUCKER,<br>    Plaintiff,<br><br>vs.<br><br>BRYAN P. STIRLING, *Director of SCDC in his individual and official capacity*, CHARLES WILLIAMS, *Warden of McCormick in his individual and official capacity*, THOMAS ROBERTSON, *Associate warden of McCormick in his individual and official capacity*, ALYSON GLADWELL, *Associate warden of McCormick in her individual and official capacity*, STEPHANIE MARSHALL, *Major of McCormick in her individual and official capacity*, STANLEY TERRY, *Administrative captain of McCormick in his individual and official capacity*, CLARISSA JONES, *Lieutenant of McCormick in her individual and official capacity*, JUANITA MOSS, *Food service director in her individual and official capacity*, BELL, *Food service supervisor in his individual and official capacity*, MYERS, *Food service supervisor in his individual and official capacity*, BEARD, *Food service supervisor in his individual and official capacity*, WILSON, *Food service supervisor in his individual and official capacity*, WILLIE F. SMITH, *Food service branch chief in his individual and official capacity*, TIM E. ROGERS, *Commissary supervisor in his individual and official capacity*, DEBORAH RICHTER, *Head nurse (former) in her individual and official capacity*, VICTORIA NORMAN, *Head nurse (current) in her individual and official capacity*, | Civil Action No. 1:19-00310-MGL |

ASHLEY MADDOX, *Mental health counselor* §
*in her individual and official capacity*,         §
CYNTHIA DARDEN, *Mental health counselor* §
*in her individual and official capacity*,         §
KENNARD DUBOSE, *Mental health director* §
*in his individual and official capacity*, and   §
CINDY RICHARDSON, *Psychiatrist in her*    §
*individual and official capacity*,                  §
                                            Defendants.      §
                                                                          §

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Keith Rucker (Rucker), proceeding pro se, filed this action against Defendants Bryan Stirling, Charles Williams (Williams), Thomas Robertson (Robertson), Alyson Gladwell (Gladwell), Stephanie Marshall (Marshall), Stanley Terry, Clarissa Jones, Juanita Moss, Bell, Myers, Beard, Wilson, Willie F. Smith, Tim E. Rogers, Deborah Richter, Victoria Norman, Ashley Maddox, Cynthia Darden, Kennard Dubos, and Cindy Richardson (collectively, Defendants) under 42 U.S.C. § 1983 alleging various violations of his constitutional rights.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting dismissal with prejudice of all claims and Defendants, except for the eighth-amendment claim involving recreation, exercise, fresh air, and sunlight against Williams, Robertson, Gladwell, and Marshall. She further recommends denying Defendants' motion for summary judgment on the remaining claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court

2

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on March 6, 2020. Defendants filed their Objections to the Report (Objections) on April 13, 2020. The Court has reviewed the Objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Preliminarily, Rucker agreed to dismiss all counts and defendants from the case, except for the eight-amendment claim involving recreation, exercise, fresh air, and sunlight against Williams, Robertson, Gladwell, and Marshall. Accordingly, the Magistrate Judge's analysis was limited to these defendants for this claim in the Report. All parties agree on the dismissal of the remaining defendants and claims.

Defendants raised two arguments for summary judgment on the remaining claim. First, they assert Rucker failed to meet the administrative exhaustion requirement of the Prison Litigation Reform Act (PLRA) necessary for a prisoner to proceed under 28 U.S.C. § 1983. The Magistrate Judge recommended rejecting this argument because the administrative remedies process was unavailable to Rucker.

Second, they argued Rucker failed to meet the substantive requirements for a § 1983 claim for a violation of Rucker's eighth amendment rights. On this point, the Magistrate Judge recommended denying the motion for summary judgment because Rucker had provided sufficient evidence "he was deprived of a basic human need that was objectively sufficiently serious," (objective prong) and Defendants' "penological justification—staffing shortages leading to an

3

inability to provide adequate security—[was,] . . . without more, . . . [in]sufficient . . . to determine whether Defendants were deliberately indifferent to the deprivation at issue in this case [(subjective prong)]." Report at 11, 16.

Defendants raise two objections to the Report.  First, Defendants object to the Magistrate Judge's analysis of the administrative exhaustion requirement under the PLRA.  There are two-subparts to their objection.  They first claim Rucker possessed the ability to file an administrative grievance at the time the lawsuit was filed.

Defendant's first argument is factually inaccurate.  On November 27, 2018, in response to an attempt by Rucker to file a grievance on this issue, he was informed he had been placed on a grievance restriction preventing him from filing any grievances "until [he was] notified in writing by" a prison official.  In an affidavit submitted after the Magistrate Judge issued the Report, Defendants state Rucker's grievance restriction was lifted February 1, 2019.  Supplemental Affidavit of Sherman L. Anderson ¶ 14.  They assert this was prior to Rucker filing suit, therefore, the administrative process was available to him.

Under the prison mailbox rule, an incarcerated pro se litigant's legal papers are considered filed upon "delivery to prison authorities, not receipt by the clerk." *Houston v. Lack*, 487 U.S. 266, 275 (1988).  The envelope delivering Rucker's complaint to the Court contains a stamp indicating it was received by a mail room on January 28, 2019.  This is a clear indication Rucker provided his legal papers to prison authorities by at least this date.  Thus, because this is the date Rucker's suit is considered filed, the suit predates the prison lifting his grievance restriction.  As such, the restriction was still in place when Rucker filed this suit.  Accordingly, Defendants' argument is without merit.

Alternatively, Defendants argue Rucker was not prevented from exhausting his administrative remedies by being placed on grievance restriction. The Supreme Court has stated "[w]hen the facts on the ground demonstrate that no such potential [for administrative remediation] exists, the inmate has no obligation to exhaust the remedy." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). Additionally, administrative remedies are unavailable when prison official "thwart inmates from taking advantage of a grievance process." *Id.* at 1860. That is the case here. While on his grievance restriction, Rucker lacked any ability to raise his grievance on the issue pertinent to this suit.

The cases Defendants' cite for the proposition grievance restrictions fail to excuse the exhaustion requirement are inapposite as the restrictions in question still permitted an inmate to file grievances. *See, e.g.*, *Pearson v. Taylor*, 665 F. App'x 858, 867-68 (11th Cir 2016) (stating an administrative remedy was available where an inmate was restricted to a single grievance on a single issue at one time with the ability to withdraw a grievance and submit a new one). Accordingly, the Court will overrule Defendants' objection as to the administrative exhaustion requirement.

Second, Defendants object to the Magistrate Judge's analysis on the merits of the eighth-amendment claim. To bring a claim under the eighth amendment, "a prisoner must prove two elements—that the deprivation of a basic human need was objectively sufficiently serious [(objective prong)], and that subjectively the officials acted with a sufficiently culpable state of mind [(subjective prong)]." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotations and alterations omitted). "[D]epriving inmates of all meaningful opportunities to exercise generally violates the Eighth Amendment." *Mitchell v. Rice*, 954 F.2d 187, 193 (4th Cir. 1992).

Defendants objection to the analysis on the objective prong—arguing they provided instructions for in-cell exercise—is unavailing.  Rucker, in a declaration to the Court, states his cell is "small and cramped" and he "could not do any meaningful exercise in [his] cell."  Rucker Declaration ¶ 5.  Even if Defendants' provided Rucker with the suggestions for in-cell exercises, there remains a material dispute of fact whether Rucker had the ability to exercise in a meaningful way.  Summary judgment is thus inappropriate.  *See* Fed. R. Civ. P. 56(c) (permitting summary judgment only in circumstances where there is no material dispute of fact).

As to the subjective prong, Defendants summarily state they "object to the Report and Recommendation's conclusion that Defendants' penological justification precluding outside recreation was insufficient."  Objections at 6.  This is a conclusory objection failing to require de novo review.  *See Orpiano*, 687 F.2d at 47 (stating a district court need not conduct de novo review for conclusory objections).  The Court identifies no clear error with this portion of the Report and, therefore, will overrule Defendants' objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendants' objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court all claims and Defendants, except for the eight-amendment claim involving recreation, exercise, fresh air, and sunlight against Williams, Robertson, Gladwell, and Marshall are **DISMISSED WITH PREJUDICE** and Defendants' motion for summary judgment on the remaining claim is **DENIED.**

**IT IS SO ORDERED.**

Signed this 30th day of July 2020 in Columbia, South Carolina.

<pre>                                        s/ Mary Geiger Lewis                
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE</pre>

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.